## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JON BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO.   23 CV 4034 |
| | ) | |
| KNOX COUNTY, KNOX COUNTY SHERIFF | ) | |
| JACK C. HARLAN JR., KNOX COUNTY DEPUTY | ) | |
| SHAWN BAY, KNOX COUNTY DEPUTY ERIC | ) | |
| WILLIAMS, and KNOX COUNTY DEPUTY | ) | |
| KEITH KING, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, JON BENSON, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Complaint against the Defendants, KNOX COUNTY, KNOX COUNTY SHERIFF JACK C. HARLAN JR., KNOX COUNTY DEPUTY SHAWN BAY, KNOX COUNTY DEPUTY ERIC WILLIAMS, and KNOX COUNTY DEPUTY KEITH KING, states as follows:

### Nature of Action

1.  This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants in connection with an incident on May 20, 2021.

### Jurisdiction and Venue

2.  This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3.  At all relevant times, the Plaintiff, JON BENSON, was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, KNOX COUNTY was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, KNOX COUNTY SHERIFF JACK C. HARLAN JR. was the duly elected Sheriff and the employer of Defendants, KNOX COUNTY DEPUTY SHAWN BAY, KNOX COUNTY DEPUTY ERIC WILLIAMS, and KNOX COUNTY DEPUTY KEITH KING. Defendants BAY, WILLIAMS and KING were at all relevant times employed by Defendant KNOX COUNTY SHERIFF JACK C. HARLAN JR. as duly appointed SHERIFF'S DEPUTIES acting within the course and scope of their employment and under color of law. The Defendants, BAY, WILLIAMS and KING are being sued in their individual capacities with respect to the federal claims. The claims against KNOX COUNTY and KNOX COUNTY SHERIFF JACK C. HARLAN JR. are being advanced pursuant to Illinois state law.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On May 20, 2021, the Plaintiff was walking by himself near his home in Wataga, IL.

7. At that time and location, Defendants BAY, WILLIAMS and KING approached the Plaintiff.

8. The Defendants issued commands to the Plaintiff at that time. The Plaintiff complied with the police commands. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone.

9. WILLIAMS then violently and forcibly took the Plaintiff to the ground, using more force than necessary. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone. Both BAY and KING were present

when the Plaintiff was taken to the ground, and each of them had a reasonable opportunity to prevent and/or stop this from happening, but each of them failed and/or declined to do so.

10. When the Plaintiff was on the ground, BAY and WILLIAMS pulled the Plaintiff's arms behind his back, using more force than necessary. KING was present and had a reasonable opportunity to prevent this from happening, but declined to prevent and/or stop this from happening. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone. KING then forcibly put the Plaintiff into handcuffs, using more force than necessary. At that time, the Plaintiff was visibly unarmed, was complying with all police orders and commands, and was not a threat to anyone. BAY and WILLIAMS were present when KING did this, and each of them had a reasonable opportunity to prevent and/or stop this from happening, but each of them failed and/or declined to do so.

11. Upon information and belief, this event was captured on surveillance footage from a Casey's Convenience Store. On May 28, 2021, KING obtained a copy of the surveillance footage from the Casey's Convenience Store after speaking to a manager of the store. KING had a duty and/or obligation to preserve a copy of the surveillance footage after obtaining it from the Casey's Convenience Store.

12. Among other injuries, the Plaintiff suffered a severe shoulder injury due to the Defendant Officers' above-referenced actions and/or omissions. The Plaintiff was subsequently transported to a local hospital to be treated for the physical injuries he sustained during this interaction; and he continued to receive medical treatment for the physical injuries he sustained for a long period of time afterwards, including having total shoulder replacement surgery.

13. The above-referenced actions were undertaken by the Defendant Officers without legal justification and without probable cause.

14. All of the Defendant Officers' above-referenced acts and/or omissions were intentional and/or willful and wanton and/or unreasonable.

### COUNT I - 42 U.S.C. §1983
### Excessive Force – Defendant Officers

15. The Plaintiff re-alleges Paragraphs 1 through 14, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 15.

16. As described above, the Defendant Officers used excessive, unreasonable and/or unwarranted force against the Plaintiff.

17. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

18. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

19. As a direct and proximate result of the acts of Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JON BENSON, prays for judgment in his favor and against the Defendants, KNOX COUNTY DEPUTY SHAWN BAY, KNOX COUNTY DEPUTY ERIC WILLIAMS, and KNOX COUNTY DEPUTY KEITH KING, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
### Failure to Intervene – Defendant Officers

20. The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. As described above, the Plaintiff was subjected to unlawful excessive force. Each of the Defendant Officers was present when this happened, each of them had a reasonable opportunity to prevent or stop the harm and/or the unlawful behavior referenced above, and each of them declined and/or failed to do so.

22. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

23. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

24. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, JON BENSON, prays for judgment in his favor and against the Defendants, KNOX COUNTY DEPUTY SHAWN BAY, KNOX COUNTY DEPUTY ERIC WILLIAMS, and KNOX COUNTY DEPUTY KEITH KING, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count III - Illinois State Law
### Indemnification – Knox County, Knox County Sheriff Jack C. Harlan Jr.

25.    The Plaintiff re-alleges Paragraphs 1 through 24, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 25.

26.    At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

27.    At all relevant times KNOX COUNTY SHERIFF JACK C. HARLAN JR. was the employer of the Defendant Officers.

28.    The Defendant, KNOX COUNTY SHERIFF JACK C. HARLAN JR., pursuant to Illinois law, including, but not limited to the provisions found in 55 ILCS 5/3-6015, 55 ILCS 5/3-6016 and 745 ILCS 10/9-102, is liable as principal for all torts committed by his employees/agents and must indemnify them.

29.    The Defendant, KNOX COUNTY, pursuant to Illinois law, including, but not limited to the provisions found in 55 ILCS 5/5-1002, 745 ILCS 10/9-102 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), must indemnify the Defendants, KNOX COUNTY SHERIFF JACK C. HARLAN JR., KNOX COUNTY DEPUTY SHAWN BAY, KNOX COUNTY DEPUTY ERIC WILLIAMS, and KNOX COUNTY DEPUTY KEITH KING.

WHEREFORE, the Plaintiff, JON BENSON, pursuant to 55 ILCS 5/3-6015, 55 ILCS 5/3-6016, 55 ILCS 5/5-1002, 745 ILCS 10/9-102 and *Carver v. Sheriff of LaSalle County*, 203 Ill.2d 497 (2003), demands judgment against Defendants, KNOX COUNTY and KNOX COUNTY SHERIFF JACK C. HARLAN JR., in the amounts awarded to the Plaintiff against the Defendants, KNOX COUNTY DEPUTY SHAWN BAY, KNOX COUNTY DEPUTY ERIC WILLIAMS, and KNOX COUNTY DEPUTY KEITH KING, and for whatever additional relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com